## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WALTER DOUGLAS BECKLEY; and** : | |
| **MARILYN J. BECKLEY,** : | |
| : | **Civil Action # 23-1109** |
| **Plaintiffs,** : | |
| : | |
| **vs.** : | |
| : | |
| **BOROUGH OF SELLERSVILLE,** : | |
| **PENNSYLVANIA; and EILEEN** : | |
| **BRADLEY, in her individual and official** : | |
| **capacity as the Sellersville Borough** : | |
| **Manager,** : | |
| : | *Filed Electronically* |
| **Defendants.** : | |

## COMPLAINT

1.     WALTER DOUGLAS BECKLEY and MARILYN J. BECKLEY
(hereinafter, "Plaintiffs"), by and through their undersigned legal counsel, file this
Complaint, seeking prospective equitable relief in the nature of declaratory and
both preliminary and permanent injunctive relief against the BOROUGH OF
SELLERSVILLE (hereinafter, individually "Defendant Sellersville") and EILEEN
BRADLEY (hereinafter, individually "Defendant Bradley") (hereinafter,
collectively the "Defendants"), as a direct and proximate result of Defendants'
enforcement and/or threatened enforcement of Sellersville's "Residential Rental
Property Licensing and Inspection Ordinance #728" (attached hereto as "Exhibit

A") (hereinafter, the "Ordinance") in violation of the First, Fourth and Fourteenth

Amendments to the United States Constitution.

2.      Plaintiffs also seek actual and nominal monetary damages, as well as

reasonable attorney's fees and costs against Defendants for their enforcement

and/or threatened enforcement of the Ordinance against Plaintiffs.

3.      On its face, Defendants know or should know that the Ordinance

violates clearly established rights guaranteed to Plaintiffs under the First, Fourth

and Fourteenth Amendments to the United States Constitution for which Plaintiffs

are entitled to relief against all Defendants in their official capacity and

individually against Defendant Bradley, as qualified immunity does not apply to

shield individual defendants from personal liability for the knowing violation of

individual constitutional rights

## SUMMARY OF THE COMPLAINT

4.      This constitutional challenge to Defendants' Ordinance is simple and

straightforward.  Defendants' Ordinance impose severe criminal penalties on

landlords who refuse to voluntarily submit their rental properties to warrantless

inspections as a condition to the issuance of a required residential rental property

license for each property landlords rent within the Borough of Sellersville, in clear

violation of the Fourth Amendment to the United States Constitution, the

Unconstitutional Conditions Doctrine and established precedent of the Supreme Court of the United States.

5.    Plaintiffs own, have recently renovated, continue to properly maintain and rent two residential property units within the Borough of Sellersville.

6.    The Ordinance imposes upon Plaintiffs the legal obligation, subject to criminal penalty, to apply for, and obtain a residential rental property license (hereinafter, the "Rental Licenses") for each of the two residential rental properties that Plaintiffs rent to tenants within the Borough of Sellersville.

7.    However, as a condition precedent to obtaining the required Rental Licenses, Plaintiffs are first required to voluntarily submit their residential rental properties to a warrantless inspection by Defendants' code enforcement officers.

8.    The Fourth and Fourteenth Amendments to the United States Constitution prohibit Defendants from requiring warrantless inspections of their property as a condition precedent to obtaining Rental Licenses in order to avoid threatened criminal sanctions for renting their properties to their tenants within the Borough of Sellersville.

9.    As a matter of established law, the Ordinance facially violates the Fourth and Fourteenth Amendments to the United States Constitution.

10.    The Ordinance also violates the Unconditional Conditions Doctrine which prohibits Defendants from conditioning the grant of a governmental benefit

(a Rental License) upon the abandonment of an established constitutional right (the right to be free from to a warrantless search by Defendants of Plaintiffs' property in violation of the Fourth Amendment to the United States Constitution).

11.     Furthermore, the Ordinance violates rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution as it imposes forced speech by requiring the owner of a residential rental unit to post (and ensure that it remains posted throughout the rental term) a copy of a Rental License within the residential rental unit, thereby broadcasting the property as a rental property, and the tenants as renters, to anyone who enters the premises even if the owner and renters wish to maintain that information as confidential.

12.     Accordingly, Plaintiffs are entitled to their requested relief, including an immediate preliminary injunction preventing Defendants from enforcing the Ordinance against Plaintiffs during the pendency of this action.

13.     Any attempt to enforce the Ordinance against Plaintiffs violates clearly established precedent such that Defendant Bradley is not entitled to qualified immunity and is personally liable for any economic harm suffered by Plaintiffs as a direct and proximate result of Defendants' enforcement of the Ordinance against Plaintiffs.

## JURISDICTION AND VENUE

14.     This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.  Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

15.     Plaintiffs' demand for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202 and by Rules 57 and 58 of the Federal Rules of Civil Procedure.

16.     Plaintiffs' demand for actual and nominal damages to vindicate injury suffered from Defendants' violation of Plaintiffs' constitutional rights is made pursuant to 42 U.S.C. § 1983.

17.     Plaintiffs' demand for reasonable costs and attorney fees is made pursuant to 42 U.S.C. § 1988.

18.     Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the event or omissions giving rise to Plaintiffs' claims occurred within the Eastern District of Pennsylvania.

## PARTIES

19.     Plaintiffs Walter Douglas Beckley and Marilyn J. Beckley are a married couple who reside at 4539 Axe Handle Road in Quakertown, Pennsylvania.

20.     Plaintiffs are the owners of 1102 Mews Drive (parcel #39-008-366-1102) and 609 Mews Drive (parcel #39-008-366-609) in Sellersville, Pennsylvania (hereinafter, collectively, the "Rental Properties" or, individually as the "Rental Property").

21.     Plaintiffs rent 1102 Mews Drive in Sellersville, Pennsylvania to Laura DeGroote who is in current possession of the subject property under lease with Plaintiffs.

22.     Plaintiffs rent 609 Mews Drive in Sellersville, Pennsylvania to Monica Beebs who is in current possession of the subject property under lease with Plaintiffs.

23.     Plaintiffs cannot secure a Rental License for their Rental Properties because they refuse to voluntarily submit their Rental Properties to a warrantless inspection as required to secure a Rental License under the Ordinance.

24.     Defendant Borough of Sellersville is a municipal corporation, incorporated in December 7, 1874 under and by virtue of the laws of the Commonwealth of Pennsylvania, located in the County of Bucks.  All actions and omissions ascribed to Defendant Sellersville are performed or not performed under color of state law.

25.     Defendant Sellersville's principal office is located at 140 East Church Street, Sellersville, Pennsylvania.

26.    Defendant Eileen Bradley is the borough manager of Defendant Sellersville.

27.    In her official capacity as the borough manage of Defendant Sellersville, all of the actions and omissions taken on behalf of Defendant Sellersville are performed or not performed under color of state law.

28.    Defendant Bradley's principal place of business is 140 East Church Street, Sellersville, Pennsylvania.

## FACTS

29.    Plaintiffs adopt and reallege by reference the allegations contained in the foregoing numbered paragraphs.

30.    On or about August 12, 2019, Defendant Borough of Sellersville enacted the Ordinance.

31.    In relevant part, the Ordinance requires owners of residential rental units to: "(A) Keep and maintain all residential rental units in compliance with all applicable codes; (B) Keep and maintain all premises containing a residential rental unit in good and safe condition; and . . . (D) Apply for, obtain, and maintain a residential rental license for each residential rental unit in a timely manner." (i.e., the Rental License)." *See*, the Ordinance at §116-4(A), (B), (D).

32.    The Ordinance defines a residential rental unit as:

"(A) A rooming unit; or (B) a dwelling unit; (C) Each individual townhouse dwelling, each single-family home, each individual

7

apartment unit, each individual unit in a multiple dwelling, and each rooming unit shall be considered a separate residential rental unit. If a structure contains a rooming unit or if any portion of the structure is let for rent, it shall be considered a residential rental unit whether or not the owner or a member of the owner's family also resides in the structure. A residential rental unit shall not include a hotel unit or a personal care home. A residential rental unit includes dwelling units under lease-purchase agreements with a term of more than six months."

*See*, Ordinance at §116-2.

33.     The Rental Properties owned by Plaintiffs are residential rental units as defined by the Ordinance.

34.     In order to receive a Rental License, the Ordinance requires:

"Every owner of a residential rental unit shall fully and accurately complete an application for a residential rental license on a form supplied by the Code Enforcement Officer. Such application shall be signed by the owner and, if applicable, the property manager, and submitted to the Code Enforcement Officer with the prescribed application fee. If the application is incomplete, the Code Enforcement Officer shall, within five business days, return the submission to the owner indicating the deficiencies. Upon receipt of a properly completed application and the prescribed fee, the Code Enforcement Officer shall schedule a property inspection as set forth in §116-9 of this chapter."

*See*, the Ordinance at §116-7.

35.     Based on information and belief, the fee imposed by Defendant Borough of Sellersville to complete an application for a Rental License is $100.00 per rental unit.

36.     The Ordinance does not provide any refund of the fee imposed to complete an application for a Rental License if a Rental License is denied by Defendants.

37.     The Ordinance mandates:

"(A) Upon receipt of a completed application for a residential rental license and the applicable fee, the Code Enforcement Officer shall contact the owner and, if applicable, the tenant, and schedule an inspection of the residential rental unit.  Initial inspections of preexisting residential rental units will occur during the 2020 calendar year in accordance with a phased-in systematic inspection program to be prepared by the Code Enforcement Officer.  Initial inspections of new or unoccupied residential rental units will occur as soon as administratively feasible after filing a completed application for a residential rental license; (B) The Code Enforcement Officer is also authorized to inspect any residential rental unit at any reasonable time in response to a complaint that an alleged violation of this chapter or any applicable codes has been committed; (C) The Code Enforcement Officer is also authorized to inspect any residential rental unit at any reasonable time if the Code Enforcement Officer has probable cause to believe there has been a violation of this chapter or any applicable codes; (D)  All owners of residential rental units, and all tenants occupying residential rental units, shall permit access to the premises in order to allow inspections by the Code Enforcement Officer to determine compliance with this chapter and with all applicable codes. The penalty for not allowing an inspection shall be the denial of a residential rental license or, if a residential rental license has been issued, the revocation of that residential rental license; (E) Upon refusal of entry to permit an inspection by the Code Enforcement Officer, the Code Enforcement Officer may seek to obtain an administrative warrant by a competent authority for the purpose of compelling an inspection or otherwise enforcing the terms of this chapter.

*See*, the Ordinance at §116-9.

38.     Accordingly, the Ordinance requires owners and tenants to voluntarily submit to a warrantless inspection of their dwelling in order to receive a Rental License and to comply with the Ordinance. *See*, the Ordinance at §116-9(D).

39.     The Ordinance does not require (it only permits) a Code Enforcement Officer to seek an administrative warrant, subject to a showing of probable cause, to inspect a residential rental unit subject to the requirements of the Ordinance. *See*, the Ordinance at §116-9(E).

40.     Failure for a Code Enforcement Officer to obtain an administrative warrant does not relieve an owner to comply with the requirement to submit a rental unit to a warrantless search.

41.     The Ordinance imposes criminal sanctions for an owner who refuses to comply with the warrantless search of their property subject to the provisions of the Ordinance – even if the refusal to submit to a warrantless search is by the tenant in possession.

> "This chapter shall be enforced by a criminal action in the same manner provided for the enforcement of summary offenses under the Pennsylvania Rules of Criminal Procedure.  A person convicted of violating this chapter shall be sentenced to pay a fine not to exceed $1,000 per violation, plus court costs and reasonable attorneys' fees incurred by the Borough of Sellersville, or to imprisonment for not more than 90 days, or both.  Violations of more than one provision of this chapter shall constitute separate violations.  Each day that a violation of any provision of this chapter continues or occurs shall constitute a separate violation."

*See*, the Ordinance at §116-18.

10

42.     In addition, even if an owner secures an initial Rental License, any failure of an owner or tenant to submit the residential rental unit to a required future voluntary warrantless search results in a revocation of the Rental License. *See*, the Ordinance at §116-17.

43.     Furthermore, every Rental License expires three years from the date of issuance, requiring every owner covered by the Ordinance to re-apply and pay a new application fee and to submit the rental unit to an additional warrantless search on pain of criminal sanctions – even if the rental unit is occupied by a tenant who refuses the new warrantless search. *See,* the Ordinance at §116-15.

44.     Nothing in the Ordinance prevents an inspector from reporting any non-Code violations to law enforcement officials as a result of the required warrantless search of rental units.

45.     In fact, Defendant Sellersville seeks to enforce vehicle inspection compliance of any vehicle found at the premises (including vehicles not owned by Plaintiffs) as a condition to passing the warrantless code inspection requirement even though Defendant Sellersville has no authority to enforce state vehicle inspection mandates. *See*, 75 Pa. Code §4704; Exhibit D (attached hereto).

46.     Plaintiff Walter Douglas Beckley is a retired homebuilder, cabinet maker and residential and commercial carpenter, able to do all renovation and maintenance work on the Rental Properties at a reasonable cost.

47.     Plaintiffs purchased the Rental Property located at 1102 Mews Drive in 2020 and spent approximately $10,500.00 renovating the property by Plaintiff Walter Douglas Beckley between April and July, 2021.

48.     The Rental Property at 1102 Mews Drive is in an immaculate condition. *See*, Exhibit B, attached hereto.

49.     Plaintiffs purchased the Rental Property located at 609 Mews Drive in 2021 and spent approximately $20,000.00 renovating the property by Plaintiff Walter Douglas Beckley between August, 2021 and April, 2022.

50.     The Rental Property at 609 Mews Drive is also in an immaculate condition.  *See*, Exhibit C, attached hereto.

51.     At the time the Rental Properties were purchased, the subject properties were inspected by the Home Owners Association's (hereinafter "HOA") property management company and were found to be in compliance with all HOA regulations.

52.     Nothing in the Ordinance suggests any facts that the Rental Properties are, or ever were, in a blighted state or in a geographical area of property blight within Defendant Borough of Sellersville.

53.     Nothing in the Ordinance supports probable cause to secure an administrative warrant to inspect the Rental Properties for violation of any provision of the building code adopted by Defendant Sellersville.

54.     Defendants do not impose any requirement to submit properties to warrantless searches on non-rental residential properties.

55.     The business of renting residential property is not a closely regulated business which obviates the need to secure a warrant based on probable cause before a search of a property may lawfully ensue.

56.     Defendants do not seek to enforce the Ordinance against Plaintiffs based on any emergency situation on the Rental Properties.

57.     Based on information and belief, no complaint against Plaintiffs have been communicated to Defendants concerning the Rental Properties.

58.     Plaintiffs refuse, on principal, to submit any property they own to warrantless searches, in violation of rights guaranteed to them under the Fourth and Fourteenth Amendments to the United States Constitution.

59.     Based on information and belief, Plaintiffs tenants have reported they will also refuse to submit to warrantless searches of the Rental Properties held by them under lease with Plaintiffs.

60.     Plaintiffs also intend to immediately litigate and quash any administrative warrant issued to inspect the Rental Properties as lacking sufficient probable cause to sustain any such warrant.

61.    Defendants, by letter dated, February 23, 2023, have threatened to enforce the Ordinance against Plaintiffs and impose a lien on the Rental Properties. *See*, Exhibit D (attached hereto).

62.    Specifically, Defendants state: "As of right now, your units are <u>not compliant</u> and in violation of the Borough's ordinance.  Failure to address this will result in penalties, including the imposition of a municipal lien upon the premises." (emphasis in the original). *See*, Exhibit D (attached hereto).

63.    In addition to the many violations of the Fourth and Fourteenth Amendments to the United States Constitution and the Unconstitutional Conditions Doctrine detailed above, the Ordinance also impairs rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

64.    The Ordinance requires: "The owner of a residential rental unit shall post a copy of the residential rental license, and ensure that it remains posted throughout the rental term, in the residential rental unit."  *See*, the Ordinance at §116-16.

65.    The First Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment to the U.S. Constitution, guarantees Plaintiffs the right to speech, including the right against forced speech by government.

66.     Defendant Sellersville's impairment of rights guaranteed to Plaintiffs under the First Amendment is severe, as tenants do not want to be labeled as renters, a term which implicates a level of respectability in Sellersville less than that accorded to a non-renter, impairing Plaintiffs' ability to rent their Rental Properties to the widest segment of the population as possible.

67.     The compelled speech mandated by the Ordinance does not narrowly advance a compelling governmental interest.

68.     Even if not severe, the burden imposed on rights guaranteed to Plaintiffs under the First Amendment is not justified by any interest of Defendant Sellersville to compel Plaintiffs' unwanted speech.

69.     Plaintiffs have no other adequate remedy at law.

## **COUNT I**
### (Violation of Fourth and Fourteenth Amendments)

70.     Plaintiffs adopt and incorporates by reference the allegations contained in all foregoing paragraphs as if fully set forth herein.

71.     The Fourth Amendment to the United States Constitution, made applicable to the States by the Fourteenth Amendment to the United States Constitution, guarantees Plaintiffs the right to refuse government inspection of their residential rental properties unless the government first secures a valid administrative warrant issued by a neutral party based upon probable cause.

72.     The Ordinance authorizes, and Defendants have threatened, to impose criminal sanctions against Plaintiffs for their refusal to obtain a Rental License which requires, as a condition precedent to its issuance, Plaintiffs to pay both a non-refundable application fee and a warrantless inspection of their Rental Properties in clear violation of rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution.

73.     Enforcement of the Ordinance against Plaintiffs threaten to cause Plaintiffs great economic harm, personal injury and loss of their liberty.

74.     Accordingly, both the Ordinance and Defendants' threatened enforcement of the Ordinance against Plaintiffs violates rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution for which Plaintiffs demand their requested relief.

## **COUNT II**
(Facial Invalidity)

75.     Plaintiffs adopt and incorporates by reference the allegations contained in all foregoing paragraphs as if fully set forth herein.

76.     The Ordinance imposes criminal sanctions to any owner of a residential rental unit who rents their property without first obtaining a Rental License and first submitting their property to a warrantless search in clear violation of the Fourth and Fourteenth Amendments to the United States Constitution.

77.     On its face, the Ordinance does not condition enforcement upon exigent circumstances and/or probable cause that the residential rental unit is in violation of any code provision.

78.     On its face, the Ordinance requires owners of residential rental properties to first submit their property to a warrantless search as a condition precedent to being able to obtain a Rental License in order to avoid the criminal sanctions authorized by the Ordinance.

79.     On its face, the Ordinance does not condition enforcement of the criminal sanctions authorized thereunder to Defendants first securing an administrative warrant, supported by probable cause, to inspect residential rental properties subject to the Ordinance.

80.     Accordingly, the requirement that owners of residential rental property must first submit their rental units to a voluntary, warrantless inspection before renting their property to renters and the criminal sanctions imposed to enforce the Ordinance constitute a facial violation of rights guaranteed to Plaintiffs under the Fourth and Fourteenth Amendments to the United States Constitution for which Plaintiffs demand their requested relief.

## **COUNT III**
(Violation of the Unconstitutional Conditions Doctrine)

81.     Plaintiffs adopt and incorporates by reference the allegations contained in all foregoing paragraphs as if fully set forth herein.

82.    The Ordinance requires Plaintiffs to obtain a Rental License before they rent their Rental Properties to tenants.

83.    However, the Ordinance also requires, as a condition precedent to receipt of the required Rental License, Plaintiffs to submit their Rental Properties to a warrantless search in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

84.    The only way for Plaintiffs to comply with the Ordinance to secure a Rental License in order to lawfully rent their Rental Properties is to waive their rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from a warrantless search of their property by state actors.

85.    Accordingly, the Ordinance imposes an unconstitutional condition on Plaintiffs in violation of the Unconstitutional Conditions Doctrine, is invalid for which Plaintiffs demand their requested relief.

## **COUNT IV**
(Violation of First Amendment)

86.    Plaintiffs adopt and incorporates by reference the allegations contained in all foregoing paragraphs as if fully set forth herein.

87.    Section 116-16 of the Ordinance imposes compelled speech on Plaintiffs in violation of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

88.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment to the United States Constitution, guarantees Plaintiffs the right against compelled speech by state actors.

89.     The requirement imposed on Plaintiffs to ensure that a Rental License is displayed and continues to be displayed within a rental unit constitutes forced speech by Defendants upon Plaintiffs which is not narrowly tailored to advance a compelling governmental interest as a rental unit, once occupied, is not a commercial or public place of business which would provide a basis for a governmental interest to require the posting of Defendants' Rental License.

90.     Accordingly, Section 116-16 of the Ordinance impairs rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs demand their requested relief.

**WHEREFORE, Plaintiffs respectfully request that the Court:**

A.     Upon motion and a hearing, impose a preliminary injunction against enforcement of the Ordinance by Defendants against Plaintiffs;

B.     Upon motion and a hearing, impose a preliminary injunction against enforcement of the Ordinance by Defendants against all similarly situated individuals as Plaintiffs;

C.     Permanently enjoin enforcement of the Ordinance;

D.    Declare the requirement to submit residential rental properties within Defendant Sellersville to warrantless searches as a condition precedent to receive a Rental License unconstitutional under the Fourth and Fourteenth Amendments to the United States Constitution;

E.    Permanently enjoin enforcement of Section 116-16 of the Ordinance;

F.    Declare Section 116-16 unconstitutional as a violation of rights guaranteed under the First and Fourteenth Amendments to the United States Constitution;

G,    Award Plaintiffs any and all actual monetary damages suffered by Plaintiffs as a direct and proximate result of Defendants' enforcement and/or threatened enforcement against Plaintiffs;

H.    Order Defendants to release and/or cause to be released, at Defendants sole expense, any and all municipal liens imposed against the Rental Properties as a direct and proximate result of Defendants' enforcement and/or attempted enforcement of the Ordinance against Plaintiffs;

I.    Award Plaintiffs nominal damages against Defendants to vindicate Defendants' impairment of fundamental constitutional rights;

J.    Award Plaintiffs reasonable attorney fees and costs to litigate this action pursuant to 42 U.S.C. §1988;

K.     Award such other relief as the Court deems just, equitable and proper;

and,

L.     Retain jurisdiction over this action for the purpose of the imposition

of Plaintiffs' requested remedies.

Respectfully submitted,


Dated:  March 21, 2023                    __*Paul A. Rossi*_____
                                          Paul A. Rossi, Esq.
                                          *Counsel to Plaintiffs*
                                          PA I.D. # 84947
                                          IMPG Advocates
                                          316 Hill Street
                                          Suite 1020
                                          Mountville, PA  17554
                                          717.869.8872
                                          Paul-Rossi@comcast.net