**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WALTER DOUGLAS BECKLEY AND MARILYN J. BECKLEY,** | **CIVIL ACTION** |
| **Plaintiffs,** | |
| **v.** | |
| **BOROUGH OF SELLERSVILLE AND EILEEN BRADLEY,** | **NO.  23-1109** |
| **Defendants.** | |

<u>**MEMORANDUM**</u>

**HODGE, J.**                                                        **May 2, 2025**

Plaintiffs Walter Beckley and Marilyn Beckley ("Plaintiffs") own two rental properties in Sellersville, Pennsylvania. Defendants Borough of Sellersville ("the Borough") and its manager Eileen Bradley (collectively "Defendants") notified Plaintiffs that they were not in compliance with Sellersville Ordinance No. 728 ("the Ordinance") that required Plaintiffs to obtain rental licenses for their properties. Plaintiffs have brought suit against Defendants (ECF No. 1) claiming that the Borough's rental ordinance is unconstitutional.[1] Defendants filed a Motion to Dismiss Plaintiff's Complaint (ECF No. 6) on the basis that the Ordinance is constitutional. For the reasons that follow, the Court grants Defendants' Motion.

**I.       BACKGROUND**

On August 12, 2019, the Borough's Council adopted Ordinance No. 728, which amended the chapter of its municipal code regulating residential rental properties to include "a systematic licensing and inspection program for residential rental units." (ECF No. 6-1 at 1). The program requires any owner of a residential rental unit to complete an application for a residential rental

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

license and pay a prescribed application fee. (*Id.* at 5). Once these requirements are met, the Borough's designated Code Enforcement Officer is required to schedule an inspection of the rental unit with the owner and, if applicable, the tenant. (*Id.* at 5-6). If a rental license is issued, the owner is required to display a copy of it in the rental unit. (*Id.* at 8).

If an inspection of the unit is not granted, then "the Code Enforcement Officer may seek to obtain an administrative warrant by a competent authority for the purpose of compelling an inspection." (*Id.* at 6). "The penalty for not allowing an inspection shall be the denial of a residential rental license or, if a residential rental license has been issued, the revocation of that residential rental license." (*Id.*). The Ordinance makes it unlawful "for any owner of a residential rental unit to enter into a lease or other similar agreement with a tenant, or allow a tenant to occupy any residential rental unit[,] before making a timely application for and being issued a residential rental license." (*Id.* at 7). An owner convicted of violating the Ordinance "shall be sentenced to pay a fine not to exceed $1,000 per violation . . . or to imprisonment for not more than 90 days, or both." (*Id.* at 8).

Plaintiffs purchased two rental properties in Sellersville in 2020 and 2021, respectively, and are currently leasing both properties. (ECF No. 1 at ¶¶ 21-22, 47-48). In a letter dated February 23, 2023, Defendants informed Plaintiffs that their units were in violation of the Ordinance's requirement that owners of any residential rental unit "submit an application and be issued a residential rental license before entering into a lease or allowing a tenant to occupy any residential rental unit," and warned them that failure to take corrective action "will result in penalties, including the imposition of a municipal lien upon the premises." (ECF No. 1-3 at 24). In response, Plaintiffs filed the instant suit seeking the following relief: declaratory relief, declaring the Ordinance unconstitutional, both facially and as applied; (2) injunctive relief in the

form of both a preliminary and permanent injunction; (3) damages; (4) reasonable attorney fees and costs under 42 U.S.C. §1988; and (5) release of any municipal liens imposed against their rental units. (ECF No. 1 at 19-20).

## II.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule 12(b)(6), a plaintiff must include sufficient facts in the complaint that, accepted as true, "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is insufficient if it suggests only the "mere possibility of misconduct" or is a "[t]hreadbare recital[] of the elements of a cause of action, supported by mere conclusory statements," *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Twombly*, 550 U.S. at 555), and so it will not suffice if it is "devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (citation omitted). Thus, in considering a motion to dismiss, the Court accepts all factual allegations as true and views them in a light most favorable to the plaintiff, *Doe v. Univ. of Sciences*, 961 F.3d 203, 208 (3d Cir. 2020), but may not "assume that [the plaintiff] can prove facts that it has not alleged[,]" *Twombly*, 550 U.S. at 563 n.8 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 526 (1983)).

## III.    DISCUSSION

Plaintiffs seek a declaratory judgment that the Ordinance is facially unconstitutional as to residential rental property owners' Fourth Amendment right to be protected from unreasonable searches and seizures. (ECF No. 1 at 20). Plaintiffs also seek a declaratory judgment that the following provisions of the Ordinance are unconstitutional as applied to them: (1) Section 116-16, based on violation of the First Amendment's free speech clause; and (2) the requirement to submit their rental units to warrantless searches as a condition precedent to receive a rental

license, based on violations of the Fourth Amendment and, in turn, the unconstitutional

conditions doctrine. (*Id.*). Additionally, Plaintiffs seek a preliminary injunction to prohibit

Defendants from enforcing the Ordinance against them and all similarly situated individuals, as

well as seek a permanent injunction generally. (*Id.* at 19-20). Furthermore, Plaintiffs seek

nominal damages from Defendants "to vindicate Defendants' impairment of fundamental

constitutional rights, "monetary damages suffered by Plaintiffs as a direct and proximate result of

Defendants' enforcement and/or threatened enforcement against Plaintiffs," and reasonable

attorney fees and costs to litigate this action pursuant to 42 U.S.C. §1988. (*Id.* at 20). Lastly,

Plaintiffs seek "release and/or cause to be released, at Defendants['] sole expense, any and all

municipal liens imposed against the Rental Properties as a direct and proximate result of

Defendants' enforcement and/or attempted enforcement of the Ordinance against Plaintiffs."

(*Id.*). Defendants deny that the Ordinance violates any of these constitutional rights.

### A. Constitutional Claims

Plaintiffs bring both facial and as-applied attacks to the Ordinance for violations of the

First and Fourth Amendments. The distinction between facial and as-applied challenges goes to

the scope of the statute's claimed infirmity and the breadth of the remedy sought. *See Citizens

United v. Federal Election Commission*, 558 U.S. 310, 331 (2010). "An as-applied attack . . .

does not contend that the law is unconstitutional as written but that its application to a particular

person under particular circumstances deprived that person of a constitutional right." *United

States v. Marcavage*, 609 F.3d 264, 273 (3d Cir. 2010). Thus, the remedy for an as-applied

challenge would be to bar its enforcement against a particular plaintiff alone under narrow

circumstances. *See CMR D.N. Corp. v. City of Philadelphia*, 703 F.3d 612, 624 (3d Cir. 2013).

By contrast, a plaintiff asserting a facial challenge "seeks to vindicate not only his own rights,

but those of others who may also be adversely impacted by the statute in question." *City of Chicago v. Morales*, 527 U.S. 41, 55 n.22 (1999). A facial challenge succeeds only when there is "no set of circumstances" under which the statute at issue would be valid, a "particularly demanding" standard. *Heffner v. Murphy*, 745 F.3d 56, 65 (3d Cir. 2014).

The Court will first address Plaintiffs' Fourth Amendment arguments and then turn to their First Amendment argument.

### 1. Fourth Amendment

In Counts I through III of their Complaint, Plaintiffs argue that the Ordinance violates the Fourth Amendment because it authorizes "criminal sanctions against Plaintiffs for their refusal to obtain a Rental License which requires, as a condition precedent to its issuance, Plaintiffs to pay both a non-refundable application fee and a warrantless inspection of their Rental Properties." (ECF No. 1 at ¶¶ 72, 76, 83).

The Fourth Amendment, applicable to the states through the Fourteenth Amendment, states that "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause . . . ." U.S. Const. amend. IV. "The touchstone of Fourth Amendment analysis is whether a person has a 'constitutionally protected reasonable expectation of privacy.'" *California v. Ciraolo*, 476 U.S. 207, 211 (1986). A party can challenge the search by a third party only if that party has a reasonable expectation of privacy in the area searched. *Minnesota v. Olson*, 495 U.S. 91, 95 (1990).

Plaintiffs lack standing to challenge the constitutionality of Defendants' search of the occupied rental units because they have pointed to no evidence that they used the units in such a way as to raise a legitimate expectation of privacy. *See Alderman v. United States*, 394 U.S. 165,

174 (1969) ("Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted."). Plaintiffs do not dispute that they are not using, and have never used, either of their rental units as a place of residence. In fact, according to their Complaint, Plaintiffs reside in Quakertown, Pennsylvania. (ECF No. 1 at ¶¶ 19-20). Although Plaintiffs own the rental units, "ownership alone is insufficient to confer standing to contest a search." *Godshalk v. Borough of Bangor*, No. 03-1465, 2004 U.S. Dist. LEXIS 7962 at *31 (E.D. Pa. May 5, 2004); *see Marcavage v. Borough of Lansdowne, Pa.*, 826 F. Supp. 2d 732, 740 (E.D. Pa. 2011) ("[A] landlord does not have a reasonable expectation of privacy with respect to individual apartments leased to third parties, simply on the basis that the landlord owns the apartments.").

Plaintiffs counter that "the evil against which [they] complain" has nothing to do with "their tenants hav[ing] the right to submit to a warrantless search of their rental property." (ECF No. 7 at 7). Rather, they "challenge[] the requirement to submit to a warrantless search (without respect to who has to let the Defendants and/or their agents into the property) as a condition precedent for Plaintiffs to receive a license in order to avoid criminal and financial liability under the Ordinance." (*Id.* at 7-8). Contrary to Plaintiffs' interpretation, there are no criminal penalties attached to Plaintiffs' refusal to consent to an inspection. Indeed, the only consequence of failing to consent to an inspection is the denial of a residential rental license or the revocation of an existing one. (ECF No. 6-1 at 6). Fines and criminal prosecution are only possible under the Ordinance if an owner of a residential rental unit leases the unit or permits tenant occupancy without first being issued a rental license. (*Id.* at 7).

Because Plaintiffs lack standing, the Court will not assume jurisdiction over their facial or as-applied challenges to the Ordinance. Accordingly, the Court dismisses Counts I through III of Plaintiffs' Complaint.

### 2. First Amendment

Section 116-16 of the Ordinance states the following: "The owner of a residential rental unit shall post a copy of the residential rental license, and ensure that it remains posted throughout the rental term, in the residential rental unit." (ECF No. 6-1 at 8). Plaintiffs argue that Section 116-16 violates the First Amendment because "[t]he requirement imposed on Plaintiffs to ensure that a Rental License is displayed and continues to be displayed within a rental unit constitutes forced speech by Defendants upon Plaintiffs which is not narrowly tailored to advance a compelling governmental interest as a rental unit." (ECF No. 1 at ¶ 89). The Court is unpersuaded.

"It is settled law that '[g]overnment action that . . . requires the utterance of a particular message favored by the Government, contravenes th[e] essential right' to refrain from speaking protected by the First Amendment." *Ridgewood Bd. of Educ.*, 430 F.3d at 187 (quoting *Turner Broad. Sys., Inc., v. F.C.C.*, 512 U.S. 622, 641 (1994)). "[L]eading First Amendment precedents have established the principle that freedom of speech prohibits the government from telling people what they must say." *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 61 (2006). Separately, a statute regulates "conduct, not speech" when it affects what someone "must *do* . . . [and] not what they may or may not *say*." *Rumsfeld v. Forum for Academic & Institutional Rights, Inc.*, 547 U.S. 47, 60 (2006).

Given that the purpose of the Ordinance is "to protect and promote the public health, safety and welfare of [the Borough's] residents" and "to encourage owners and tenants to

maintain and improve the conditions of rental housing within the Borough," (ECF No. 6-1 at 1), Section 116-16's requirement that owners display a copy of their rental license in their rental units constitutes a regulation of Plaintiffs' commercial conduct as landlords, not their communication of information. Any speech that Section 116-16 may burden, as alleged, is merely incidental to the conduct (i.e., consumer protection) that the Borough seeks to regulate. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011) (finding that it is "true that the First Amendment does not prevent restrictions directed at commerce or conduct from imposing incidental burdens on speech.").

As such, the Court finds that the Ordinance does not compel Plaintiffs' speech and, accordingly, dismisses Count IV of Plaintiffs' Complaint.

## IV.    CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motion to Dismiss. An appropriate Order follows.

**BY THE COURT:**

**/s/ Kelley B. Hodge**
_____
**HODGE, KELLEY B., J.**